UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Howard Rutland, III, #09030325 *aka William H Rutland, III* | C/A No. 8:09-1754-SB-BHH |
| Plaintiff, | REPORT AND RECOMMENDATION for partial disposition |
| vs. | |
| Sheriff Wayne Dewitt, Berkeley County Sheriff's Office; Captain Barry Currie, BCSO; Lieutenant Butch Rivers, BCSO; Sargent Rosemary Sanders, BCSO; Nurse Paula Brodie, Berkeley County Detention Center, | |
| Defendants. | |

The plaintiff, William Howard Rutland, III, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] It appears that the plaintiff is a pre-trial detainee at the Berkeley County Detention Center. The plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name governmental employees as defendants.[2] The plaintiff alleges that his Constitutional rights have been violated based upon the defendants' deliberate indifference to his serious medical needs, and he seeks money damages.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

On July 23, 2009, the plaintiff filed a motion for partial dismissal seeking to dismiss defendants Dewitt, Currie, and Rivers from this action because he realized that they cannot be liable under § 1983 based upon respondeat superior. (Docket Entry 10) The plaintiff stated that, "plaintiff will show that defendants Sargent Rosemary Sanders and Nurse Paula Brodie both did act personally in the deprivation." *Id.*

Based upon the plaintiff's request and because the complaint does not make any allegations of wrongdoing against defendants Dewitt, Currie, and Rivers, this court recommends that defendants Dewitt, Currie, and Rivers be dismissed from this action without service of process and without prejudice.[3]

s/Bruce Howe Hendricks
United States Magistrate Judge

July 27, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[3] Contemporaneously with this report and recommendation, the court enters an order authorizing service of process upon defendants Sanders and Brodie.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).