IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Howard Rutland, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Sgt. Rosemary Sanders, ) <br> and Nurse Brodie, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 8:09-1754-SB-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The Plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the Plaintiff's Motion to Amend (Dkt. # 30) and the Defendants' Motions for Summary Judgment. (Dkt. # 21 and 27.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on July 8, 2009, seeking damages for alleged civil rights violations. On August 20, 2009, the Defendant Sanders filed a motion for summary judgment.[1] By order filed August 24, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 11, 2009, the Plaintiff filed a response opposing the Defendant Sander's Summary Judgment Motion.

On September 25, 2009, the Defendant Nurse Brodie also filed a motion for summary judgment. By order filed September 29, 2009, pursuant to *Roseboro*, the Plaintiff

---

[1]This motion was also filed by three additional Defendants: Sheriff Wayne DeWitt, Cpt. Barry Currie, and Lt. Butch Rivers. However, these Defendants were dismissed from this action on August 25, 2009. (Dkt. # 24.)

was again advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 9, 2009, the Plaintiff filed a response opposing the Defendant Brodie's Summary Judgment Motion.

## FACTS

At the time he filed this Compliant, the Plaintiff was a pre-trial detainee at the Berkeley County Detention Center ("BCDC").[2] In his Complaint, the Plaintiff alleges that on March 30, 2009, he was seen by medical staff at the BCDC for an injury he received to his hand in September 2008. He also alleges that he sought a prescription for Pepcid to treat his severe acid reflux. He alleges that the BCDC doctor told him that no bones were broken in his hand. The Plaintiff asked the doctor how he could be sure and asked for an x-ray, but the doctor refused to x-ray his hand. The doctor, however, prescribed naproxin sodium which the Plaintiff alleges Nurse Brodie refused to give him. He states that Nurse Brodie told the plaintiff to purchase Tylenol from the canteen. The Plaintiff states that he told Nurse Brodie that Tylenol is not available in maximum security, but "Tylenol did later become available." He states that Dr. David Rogers also prescribed Pepcid and that Nurse Brodie instructed the Plaintiff to call family and have them bring in the Pepcid. He also alleges that Nurse Brodie told him to purchase Rolaids from the canteen, but the Plaintiff states that Rolaids do not successfully treat his acid reflux. The Plaintiff alleges that he received no x-ray, no pain relief, no acid reflux relief, and he was insulted by Nurse Brodie.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[2] It appears the Plaintiff has now been released from the BCDC. (Dkt. # 37 - Notice of Change of Address.)

2

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Defendants' Motions for Summary Judgement**

In his Complaint, the Plaintiff alleges he has been denied certain medical care. The Defendants contend, inter alia, that the Plaintiff has failed to state a claim of medical indifference. The undersigned agrees.

Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eight Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Farmer,* 511 U.S. at 847. The government is required to provide medical care for incarcerated individuals. *Estelle,* 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle,* 429 U.S. 97.

The Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*. Under these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the defendants.

A serious medical condition exists if failure to treat such condition would constitute a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 824, 825 (1994). There is case law supporting the conclusion that the Plaintiff's conditions were not serious. *See Ross v. McGinnis,* 2004 WL 1125177 at *10 (W.D.N.Y. Mar. 29, 2004) (complaints of abdominal pain, vomiting, heartburn, constipation not serious medical need). However, even if the Plaintiff's acid reflux and undiagnosed hand pain are considered to be serious medical needs, the Plaintiff has failed to state a medical indifference claim.

The Plaintiff has failed to set forth any injury which resulted from any alleged denial of medical care. The Plaintiff fails to show, or even allege, an injury cognizable under § 1983. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding to state a claim of medical indifference, a plaintiff must allege a specific injury as a result of the specific conduct of defendant, and show affirmative link between the injury and that conduct). *See also Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Furthermore, as the Plaintiff has not provided evidence of any physical injury as a result of his allegations of medical indifference, he is not entitled to recover for mental anguish or emotional distress under 42 U.S.C. § 1983.

Furthermore, the Plaintiff has failed to make any showing of liability against the non-medical defendant, Sgt. Sanders. The Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*. Under these principles, the Plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the Defendant Sgt. Sanders. Based on the foregoing, the Plaintiff's claims of medical indifference should be dismissed.

**Plaintiff's Motion to Amend Complaint**

The Plaintiff has filed a motion to amend his compliant. In his amended complaint, the Plaintiff alleges that Nurse Brodie has committed perjury by submitting a false affidavit and he also alleges that Nurse Brodie denied him his prescriptions for medications when he was transferred to the Dorchester County Sheriff's deputies on December 22, 2008.

Federal Rules of Civil Procedure 15(a) provides that: "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Nevertheless, leave to amend may be denied on the ground of futility "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

The Plaintiff's motion to amend his Complaint should be denied. First, the undersigned notes that as to the allegations regarding the denial of medical treatment, these claims were alleged in another of the Plaintiff's numerous actions filed with this Court, *Rutland v. Knight*, C/A No. 09-274-SB-BHH. As noted in the report in that action: "The plaintiff acknowledged that he was prescribed Motrin, Zantac, and Naproxen. However, he averred that he was denied prescriptions for Remeron, Vistaril, Pepcid, and Ibupropen. (Dkt. # 28 - Pl.'s Aff. at ¶ 7.) Remeron is an anti-depressant and Vistaril is an anti-anxiety medication. The plaintiff avers that he "was forced to accept Zantac for [his] acid reflux and indigestion . . . " (Id. at ¶ 15.)" *Rutland v. Knight*, C/A No. 09-274-SB-BHH - Report & Recommendation at 7. Further, in the report, the undersigned noted that the Plaintiff had not alleged any injury. The District Court adopted the R&R and that action was dismissed *with prejudice* on October 14, 2009.

Any claim regarding the denial of medical care on December 22, 2008, while at the BCDC that is asserted against a defendant who was not named in the Plaintiff's prior lawsuit is barred by the doctrine of collateral estoppel. *Sedlack v. Braswell Servs. Group, Inc.,* 134 F.3d 219, 224 (4th Cir. 1998) ("For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against

whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum."). In his previous lawsuit, the Plaintiff raised this very claim against some of the same defendants named here. This claim was fully litigated and decided adversely to the Plaintiff. Accordingly, he cannot reassert it here against Nurse Brodie.

Second, as to the Plaintiff's allegations that Nurse Brodie has perjured herself, the Plaintiff merely makes conclusory allegations. *Goldberg v. B. Green & Co., Inc.,* 836 F.2d 845, 848 (4th Cir.1988) (court need not accept conclusory assertions or naked opinions). No rational jury could credit the Plaintiff's naked allegations that he did not receive medical treatment in the face of overwhelming medical records documenting the Plaintiff's medical treatment. Moreover, the undersigned rejects as unreasonable the unsupported allegations that medical personnel have perjured themselves and fabricated the Plaintiff's medical records. Therefore, to allow the Plaintiff to amend his complaint to add these claims would be futile and therefore should be denied.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Plaintiff's Motion to Amend (Dkt. # 30) be DENIED; the Defendants' Motions for Summary Judgment (Dkt. # 21 and 27) be GRANTED; and the Complaint be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

                                                                   s/Bruce Howe Hendricks
                                                                   United States Magistrate Judge

November 18, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**